THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Phone: 702-384-4012
Fax: 702-383-0701
tdillard@ocgas.com

ROBERT T. WARHOLA, ESQ.
Deputy District Attorney
Nevada Bar No. 004410
500 Grand Central Pkwy
Las Vegas, Nevada 89155
Phone: 702-455
robert.warhola@clarkcountyda.com
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \* \*

| | |
|---|---|
| GYPSUM RESOURCES, LLC, a Nevada limited liability company, | ) <br> ) CASE NO. 2:19-cv-850-GMN-EJY <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) <br> ) |
| CLARK COUNTY, a political subdivision of the State of Nevada; CLARK COUNTY BOARD OF COMMISSIONERS, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**CLARK COUNTY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
**(JURY DEMAND)**

COMES NOW, Defendant, CLARK COUNTY, by and through its counsel of record, THOMAS D. DILLARD, JR., ESQ., of the law firm of OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI and ROBERT T. WARHOLA, ESQ., Deputy District Attorney, hereby submits its Answer to Plaintiff's First Amended Complaint as follows:

**PARTIES AND JURISDICTION**

1.  Answering Paragraphs 1 and 2 of Plaintiff's First Amended Complaint, this answering Defendant admits the allegations.

2.  Answering Paragraph 3 of Plaintiff's First Amended Complaint, this answering

Defendant denies that Clark County Board of Commissioners is a suable entity. However, as to the remainder of the paragraph, this answering Defendant admits the allegations.

3. Paragraph 4 is a legal conclusion rather than an allegation of fact and therefore Defendant is not required to answer. To the extent an answer is required, this answering Defendant admits that the jurisdiction and venue are proper, but deny the validity of the allegations.

**GENERAL FACTUAL ALLEGATIONS**

4. Paragraphs 5, 6, 15 and 16 are legal conclusions rather than allegations of fact and therefore Defendant is not required to answer. To the extent an answer is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

5. Answering Paragraphs 7, 18, 19 and 49 of Plaintiff's First Amended Complaint, this answering Defendant admits the allegations.

6. Answering Paragraphs 8, 9, 10, 12, 13, 14, 20, 25, 27 through 33, 34, 35, 38 through 48, 50, 52, 53, 55, 62 of Plaintiff's First Amended Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

7. Answering Paragraphs 11, 17, 36, 57, 58, 59 and 61 of Plaintiff's First Amended Complaint, this answering Defendant denies each and every allegation contained therein.

8. Answering Paragraph 21 of Plaintiff's First Amended Complaint, this answering Defendant admits that Plaintiff entered into the "Settlement Agreement" with Clark County in order to resolved both the state and federal lawsuits. However, as to the remainder of the allegations, this answering Defendant denies each and every allegation contained therein.

9. Paragraph 22, 24 and 26 are legal conclusions rather than allegations of fact and therefore Defendant is not required to answer.

10. Answering the last Sentence in Paragraph 23 of Plaintiff's First Amended Complaint, this answering Defendant denies each and every allegation contained therein. As to the remainder of Paragraph 23, they are legal conclusions rather than allegations of fact and

therefore Defendant is not required to answer.

11. Answering Paragraph 37 Sentence 1 of Plaintiff's First Amended Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.  However, as to the remainder of the allegations, this answering Defendant denies each and every allegation contained therein.

12. Answering Paragraph 51 Sentence 1 of Plaintiff's First Amended Complaint, this answering Defendant admits the allegations. However, as to the remainder of the allegations, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

13. Answering Paragraph 54 Sentence 1 of Plaintiff's First Amended Complaint, this answering Defendant admits the allegations. However, as to the remainder of the allegations, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

14. Answering the last Sentence of Paragraph 56 of Plaintiff's First Amended Complaint, this answering Defendant denies each and every allegation contained therein. However, as to the remainder of the allegations, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

15. Answering Paragraph 60 Sentences 1 and 2 of Plaintiff's First Amended Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.  However, as to the remainder of the allegations, this answering Defendant denies each and every allegation contained therein.

16. Answering Paragraph 63 of Plaintiff's First Amended Complaint, this answering Defendant denies that Clark County drove Plaintiff to file bankruptcy. As to the remainder of the allegations, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

///

# FIRST CLAIM FOR RELIEF

**(Petition for Writ of Mandamus)**

17. Answering Paragraph 64 of Plaintiff's First Amended Complaint, Defendant repeats, realleges and incorporates herein by reference, as though fully set forth, its answers to paragraphs 1 through 63.

18. Paragraph 65 is a legal conclusion rather than an allegation of fact and therefore Defendant is not required to answer. To the extent an answer is required, this Defendant denies each and every allegation contained therein.

19. Answering Paragraphs 66 through 69 of Plaintiff's First Amended Complaint, this answering Defendant denies each and every allegation contained therein.

# SECOND CLAIM FOR RELIEF

**(Equal Protection Violation)**

20. Answering Paragraph 70 of Plaintiff's First Amended Complaint, Defendant repeats, realleges and incorporates herein by reference, as though fully set forth, its answers to paragraphs 1 through 69.

21. Answering Paragraphs 71 through 75 of Plaintiff's First Amended Complaint, this answering Defendant denies each and every allegation contained therein.

# THIRD CLAIM FOR RELIEF

**(Violation of 42 U.S.C § 1983)**

22. Answering Paragraph 76 of Plaintiff's First Amended Complaint, Defendant repeats, realleges and incorporates herein by reference, as though fully set forth, its answers to paragraphs 1 through 75.

23. Paragraph 77 is a legal conclusion rather than an allegation of fact and therefore Defendant is not required to answer. To the extent an answer is required, this Defendant denies each and every allegation contained therein.

24. Paragraph 78 is a legal conclusion rather than an allegation of fact and therefore Defendant is not required to answer. To the extent an answer is required, this Defendant is

without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

25. Answering Paragraphs 79 through 82 of Plaintiff's First Amended Complaint, this answering Defendant denies each and every allegation contained therein.

## FOURTH CLAIM FOR RELIEF

### (Injunctive Relief)

26. Answering Paragraph 83 of Plaintiff's First Amended Complaint, Defendant repeats, realleges and incorporates herein by reference, as though fully set forth, its answers to paragraphs 1 through 82.

27. Answering Paragraphs 84 through 89 of Plaintiff's First Amended Complaint, this answering Defendant denies each and every allegation contained therein.

## FIFTH CLAIM FOR RELIEF

### (Breach of Contract)

28. Answering Paragraph 90 of Plaintiff's First Amended Complaint, Defendant repeats, realleges and incorporates herein by reference, as though fully set forth, its answers to paragraphs 1 through 89.

29. Paragraph 91 is a legal conclusion rather than an allegation of fact and therefore Defendant is not required to answer.

30. Answering Paragraph 92 of Plaintiff's First Amended Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

31. Answering Paragraphs 93 through 95 of Plaintiff's First Amended Complaint, this answering Defendant denies each and every allegation contained therein.

## SIXTH CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

32. Answering Paragraph 96 of Plaintiff's First Amended Complaint, Defendant repeats, realleges and incorporates herein by reference, as though fully set forth, its answers to paragraphs 1 through 95.

33. Answering Paragraph 97 of Plaintiff's First Amended Complaint, this answering Defendant admits the allegations.

34. Paragraphs 98 and 99 are legal conclusions rather than allegations of fact and therefore Defendant is not required to answer.

35. Answering Paragraphs 100 through 103 of Plaintiff's First Amended Complaint, this answering Defendant denies each and every allegation contained therein.

## SEVENTH CLAIM FOR RELIEF

### (Inverse Condemnation)

36. Answering Paragraph 104 of Plaintiff's First Amended Complaint, Defendant repeats, realleges and incorporates herein by reference, as though fully set forth, its answers to paragraphs 1 through103.

37. Answering Paragraphs 105, 106 and 107 of Plaintiff's First Amended Complaint, this answering Defendant denies each and every allegation contained therein.

## EIGHTH CLAIM FOR RELIEF

### (Pre-Condemnation Damages)

38. Answering Paragraph 108 of Plaintiff's First Amended Complaint, Defendant repeats, realleges and incorporates herein by reference, as though fully set forth, its answers to paragraphs 1 through 107.

39. Answering Paragraphs 109, 110 and 111 of Plaintiff's First Amended Complaint, this answering Defendant denies each and every allegation contained therein.

## PRAYER FOR RELIEF

40. Answering the ad damnum paragraphs in the Prayer for Relief section of Plaintiff's First Amended Complaint, this answering Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to state a plausible claim against this answering Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The acts complained of in the First Amended Complaint are discretionary functions for which statutory immunity attaches pursuant to N.R.S. 41.032.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has alleged no facts giving rise to a deprivation of a protected property or liberty interest.

## FOURTH AFFIRMATIVE DEFENSE

There is no due process violation for the alleged random, unauthorized acts as Plaintiff has adequate post-deprivation remedies.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff does not have standing to assert a private cause of action directly under the U.S. Constitution.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has a plain, speedy and adequate remedy at law for all claims for relief.

## SEVENTH AFFIRMATIVE DEFENSE

This answering Defendant did not enact any policy, statute, ordinance or custom which denied Plaintiff its constitutional rights.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's causes of actions against this answering Defendant sound in negligence, no recovery can be had predicated upon 42 U.S.C. § 1983.

## NINTH AFFIRMATIVE DEFENSE

The alleged acts made against this answering Defendant were not the proximate cause of Plaintiff's alleged constitutional injury or alleged damages.

## TENTH AFFIRMATIVE DEFENSE

That any damage suffered by Plaintiff was a direct and proximate result of its own misconduct and actions.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant Clark County was not deliberately indifferent to Plaintiff's rights, property

interests and/or liberty interests.

## TWELFTH AFFIRMATIVE DEFENSE

Any damages which Plaintiff has alleged in the instant matter are speculative in nature and, therefore, are not recoverable.

## THIRTEENTH AFFIRMATIVE DEFENSE

This Defendant is not subject to suit upon the facts and conclusions as stated in Plaintiff's First Amended Complaint by reason of sovereign immunity of Clark County as a political subdivision of the State of Nevada.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not satisfied conditions precedent to obtain the relief sought from Clark County.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff, as a corporation, does not have standing to assert personal federal rights involving individual autonomy protected by the Due Process Clause of the Fourteenth Amendment.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff was given fair notice, an opportunity to be heard and all other process that was due under the Procedural Due Process of the Fourteenth Amendment.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant Clark County did not discriminate against Plaintiff due to membership in any identifiable class or group.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's state law causes of action are barred by the Governmental Immunity Statutes of N.R.S. Chapter 41.

## NINETEENTH AFFIRMATIVE DEFENSE

N.R.S. Chapter 41 limits the damages that may be collectible against a political subdivision of the State of Nevada to a compensatory damage cap.

///

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant engaged in no conduct shocking to the conscience to be held liable for a substantive due process violation.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

The claims are barred by res judicata and collateral estoppel.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

Defendant has quasi judicial immunity when acting in conformity with a court order.

**TWENTY THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate its damages.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

At all relevant times mentioned in Plaintiff's First Amended Complaint, this answering Defendant was acting in the good faith belief their actions were legally justified.

**TWENTY FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has no right to a neutral decision maker with regard to a particular position or policy.

**TWENTY SIXTH AFFIRMATIVE DEFENSE**

That the damage sustained by Plaintiff, if any, was caused by the acts of third persons who were not acting as agents, servants, or employees of this answering Defendant and who were not acting on behalf of this answering Defendant in any manner or form and as such, this Defendant is not liable in any manner to Plaintiff.

**TWENTY SEVENTH AFFIRMATIVE DEFENSE**

Clark County did not engage in any conduct or make any decision that is arbitrary or capricious.

**TWENTY EIGHTH AFFIRMATIVE DEFENSE**

Clark County made rational decisions in light of any objectively reasonable and conceivable state of facts.

**TWENTY NINTH AFFIRMATIVE DEFENSE**

Plaintiff has no independent claim pursuant to 42 U.S.C. § 1983.

**THIRTIETH AFFIRMATIVE DEFENSE**

The Board of County Commissioners of Clark County is not a sueable entity.

**THIRTY FIRST AFFIRMATIVE DEFENSE**

Plaintiff has not alleged facts in its First Amended Complaint which presents a basis for Declaratory or Injunctive Relief and any such relief is now moot at the present time.

**THIRTY SECOND AFFIRMATIVE DEFENSE**

Plaintiff's suit fails to state a viable claim for relief as it has failed to allege a violation of a right, privilege or immunity secured by the United States Constitution or by the laws of the State of Nevada.

**THIRTY THIRD AFFIRMATIVE DEFENSE**

Plaintiff has adequate remedies at law and therefore are not entitled to the requested injunction or mandamus relief.

**THIRTY FOURTH AFFIRMATIVE DEFENSE**

That if Defendant Clark County negligently injured the Plaintiff, as alleged in the First Amended Complaint on file herein, Plaintiff was guilty of contributory negligence, and any damage Plaintiff has suffered is due to its actions, as the sole or contributing cause of the alleged injuries to which Plaintiff complains.

**THIRTY FIFTH AFFIRMATIVE DEFENSE**

The decisions of the Clark County Board of Commissioners are strongly presumed to be in good faith, reasonable and done in the public interest.

**THIRTY SIXTH AFFIRMATIVE DEFENSE**

Plaintiff did not allege it was treated differently than similarly situated persons or parties.

**THIRTY SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has no right to an expedient determination regarding any Clark County petition or request.

**THIRTY EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's damages are speculation and not recoverable.

///

### THIRTY NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust available administrative remedies.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiff waived the claims for relief when withdrawing the petition to Clark County.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are not ripe.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the expiration of the statute of limitations and the doctrine of laches.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by N.R.S. 278.0233(2)(a)-(h).

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Pursuant to FRCP 11, all possible affirmative defenses may not have been alleged herein insofar as insufficient facts were not available after reasonable inquiry upon the filing of Plaintiff's First Amended Complaint, and therefore, this answering Defendant reserves the right to amend its Answer to the First Amended Complaint to allege additional affirmative defenses, if subsequent investigation so warrants.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, this answering Defendant prays as follows:

1. That Plaintiff take nothing by reason of its First Amended Complaint on file herein;

2. For reasonable attorney's fees;

3. For costs of suit incurred and to be incurred herein; and

4. For such other and further relief as the Court may deem just and proper in the premises.

Demand is hereby made by Defendant for a trial by jury in the above-entitled action.

DATED this 3rd day of September, 2019.

                OLSON, CANNON, GORMLEY,
                ANGULO & STOBERSKI

                By /s/ *Thomas D. Dillard*
                THOMAS D. DILLARD, JR., ESQ.
                Nevada Bar No. 006270
                9950 West Cheyenne Avenue
                Las Vegas, Nevada 89129

                and

                ROBERT T. WARHOLA, ESQ.
                Deputy District Attorney
                Nevada Bar No. 004410
                500 Grand Central Pkwy
                Las Vegas, Nevada 89155
                robert.warhola@clarkcountyda.com
                Attorneys for Defendants

*Law Offices of*
**OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI**
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd day of September, 2019, I served the above **CLARK COUNTY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (JURY DEMAND)** through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage pre-paid), upon the following:

Kevin H. Brogan, Esq.
HILL, FARRER & BURRILL, LLP
300 South Grand Ave.
Los Angeles, California 90071
P: 213-620-0460
F: 213-624-4840
(Pro Hac Vice)

Ronald E. Gillette, Esq.
GILLETTE LAW PLLC
8912 Spanish Ridge Ave., Ste. 200
Las Vegas, Nevada 89148
P: 702-570-7216
F: 702-586-3527

Attorneys for Plaintiff

/s/ *Melissa Burgener*
An Employee of Olson, Cannon, Gormley, Angulo & Stoberski