UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GYPSUM RESOURCES, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CLARK COUNTY, a political subdivision of the State of Nevada; and CLARK COUNTY BOARD OF COMMISSIONERS,<br><br>Defendants. | Case No. 2:19-cv-00850-GMN-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>ECF No. 17 |

Presently before the Court is Plaintiff's Motion for Order Referring Civil Action to United States Bankruptcy Court, District of Nevada.[1] ECF No. 17.

In its Motion, Plaintiff requests an order from the United States District Court referring the instant civil action to the United States Bankruptcy Court, District of Nevada. *Id*. at 1:25–2:3. Plaintiff also asks the Court take judicial notice of "all pleadings filed in the Chapter 11 Cases . . . pursuant to Fed. R. Evid. 201." *Id*. at 2:3–4. Vices, LLC ("Vices") filed a Joinder to Plaintiff's Motion. ECF No. 23. To date, Defendants have not replied to Plaintiff's Motion.

District courts have original jurisdiction over all civil proceedings arising under Title 11 of the Bankruptcy Code, as well as those "arising in or related to cases under [T]itle 11." 28 U.S.C. § 1334(b). A district court may refer any of these proceedings to the bankruptcy court for that district. *Id*. § 157(a). "Upon referral, the bankruptcy court 'may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11.'" *Grantham v. Timothy Cory & Assocs.*, No. 2:11-cv-01569-PMP-VCF, 2012 WL 174398, \*2 (D. Nev. Jan. 20, 2012) (citing 28 U.S.C. § 157(b)(1)). A core proceeding is any case that is brought under, arises under or is "related to" a case brought under Title 11 of the United States Code. 28 U.S.C. § 157(a). Core proceedings include, *inter alia*, "matters concerning the administration of the estate" and "other proceedings affecting the liquidation of the assets of the estate. . . ." *Id*. §§ 157(b)(2)(A) and (O).

---

[1] This Report and Recommendation supersedes the Order (ECF No. 25) entered by this Court on October 4, 2019.

As explained in Plaintiff's Motion, its First Amended Complaint "Plaintiff brings eight (8) claims for relief . . . against Defendants, based on the actions they have taken and/or have failed to take with respect to Plaintiff's approximately 2,400 acres of real property encompassing Blue Diamond Hill and the Hardie Gypsum Mine located in Clark County, Nevada." ECF No. 17 ¶ 4. As stated by Plaintiff, the Amended Complaint seeks "a petition for a writ of mandamus requiring Defendants to deal in good faith with Plaintiff's zoning application" and alleges:

> the following Claims, among others: (1) for violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution based on the Defendants' failure to timely process and fairly adjudicate Plaintiff's zoning application; (2) for breach of contract; (3) for breach of the implied covenant of good faith and fair dealing; and (4) for inverse condemnation because Defendants' actions have resulted in a de facto taking of the Gypsum Property.

*Id.* ¶ 5 (internal citation omitted).

Presently pending before United States Bankruptcy Judge Mike Nakagawa are the Chapter 11 bankruptcy cases filed by Plaintiff and its wholly owned subsidiary, Gypsum Resources Materials, LLC ("GRM," and together with Plaintiff, the "Debtors").[2] *Id.* at 1:25–2:3. Debtors continue to possess their property and are operating and managing their business pursuant to Bankruptcy Code §§ 1107, 1108. *Id.* ¶ 7.

The undersigned recommends that the instant civil action be referred to the Bankruptcy Court as this matter constitutes a core proceeding under 28 U.S.C. § 157(a). In its Chapter 11 filings, Plaintiff alleges that the "Gypsum Property, together with Plaintiff's Claims against Defendants relating thereto, are among the few assets in Plaintiff's Bankruptcy Estate and, arguably, the most important ones." ECF No. 17 ¶ 10. "[T]he value of the Gypsum Property and the validity of Plaintiff's claims against Defendants (which significantly impact the value of the Gypsum Property) are central to the formulation of Plaintiff's plan of reorganization in its Chapter 11 case," and the purported value of the Gypsum Property may yield "among the most promising potential sources of recovery for Plaintiff's creditors." *Id.* ¶ 11. Vices joins Plaintiff in asking this Court to refer the instant civil action to the Bankruptcy Court because Vices loaned a principal amount of $500,000.00 to the Plaintiff, which is "secured by a portion of the Gypsum Property." ECF No. 23 at 2:7–9.

---

[2] The "Chapter 11 Cases" are jointly administered under *In re Gypsum Resources Materials, LLC*, No. BK–S–19–14796–MKN.

"Vices has an interest in ensuring that there is a source of recovery available to Vices, so it can recover all amounts owed to it pursuant to the Loan." *Id.* at 2:13–15.  Clearly, Plaintiff's claims in the instant civil action affect the administration and liquidation of assets of the Bankruptcy Estate and, therefore, this matter constitutes a core proceeding warranting referral of the matter to Bankruptcy Court.

Plaintiff requests that the District Court take judicial notice of all pleadings filed in the Chapter 11 Cases.  "[U]nder Fed. R. Evid. 201, a court may take judicial notice of matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (internal citation and quotation marks omitted).  However, "a court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" *Id.* at 689, *citing* Fed. R. Evid. 201(b).  Because the pleadings filed in the Chapter 11 Cases concern disputed facts stated in public records, the undersigned recommends that the District Court decline to take judicial notice of the same.

Accordingly,

IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Order Referring Civil Action to United States Bankruptcy Court, District of Nevada (ECF No. 17) be GRANTED in part and DENIED in part.

IT IS FURTHER RECOMMENDED that this matter be referred to the United States Bankruptcy Court for the District of Nevada, Case Number BK–S–14796–MKN.

IT IS FURTHER RECOMMENDED that judicial notice of all pleadings filed in the Chapter 11 cases be DENIED.

DATED THIS 22nd day of October, 2019.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  In 1985, the Supreme

3

1  Court held that the courts of appeal may determine that an appeal has been waived due to the failure
2  to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth
3  Circuit has also held that (1) failure to file objections within the specified time and (2) failure to
4  properly address and brief the objectionable issues waives the right to appeal the District Court's
5  order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d
6  1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).