# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GYPSUM RESOURCES, LLC, | ) |
| Plaintiff, | ) Case No.: 2:19-cv-00850-GMN-EJY |
| vs. | ) |
| | ) **ORDER** |
| CLARK COUNTY; CLARK COUNTY | ) |
| BOARD OF COMMISSIONERS | ) |
| Defendants. | ) |

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Elayna Youchah, (ECF No. 27), which recommends the referral of this case to the United States Bankruptcy Court for the District of Nevada. No party filed an Objection.

While the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection," *Thomas v. Arn*, 474 U.S. 140, 149 (1985), one of the R&R's recommendations warrants clarification before referral can occur. Specifically, the R&R recommends that this action be referred to the Bankruptcy Court "as this matter constitutes a core proceeding under 28 U.S.C. § 157(a)." (R&R 2:16–17). However, it is for the bankruptcy judge to decide whether a matter is "core" or "non-core," not the referring court. *See Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 33 (2014) (citing 28 U.S.C. § 157(b)(3)).[1] The Court's role here is to determine if the matter is at least "related to" bankruptcy proceedings, and thus appropriate for referral at all. *See* 28 U.S.C. § 1334(b).

---

[1] The ultimate decision about a claim being "core" or "non-core" is crucial, because it establishes which claims the bankruptcy court can enter final judgment. *See Exec. Benefits Ins. Agency*, 573 U.S. at 34 ("If a matter is core, the statute empowers the bankruptcy judge to enter final judgment on the claim, subject to appellate review by the district court. If a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of law.").

The test to determine if claims are "related to" bankruptcy proceedings is:

> whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)); *In re W. Asbestos Co.*, 313 B.R. 859, 863 (N.D. Cal. 2004).

Plaintiff Gypsum Resources, LLC's ("Plaintiff's") claims in this matter are at least "related to" Plaintiff's Chapter 11 bankruptcy for jurisdictional purposes—and accordingly appropriate for referral. That is, the Chapter 11 filings refer to the claims as property of Plaintiff's estate, and the merits of these claims augment the estate's underlying value. (Decl. James M. Rhodes ¶¶ 3, 7–9, 13, Ex. to Mot. for Referral, ECF No. 17-1); *cf. Vacation Vill., Inc. v. Clark Cty., Nev*, 497 F.3d 902, 911–12 (9th Cir. 2007).

Aside from the issue of referral, the R&R also recommended that the Court decline to take judicial notice of the pleadings filed in the Chapter 11 Cases. (R&R 3:6–12). No party filed an Objection on this issue, and the Court finds no reason to depart from it.

Accordingly,

**IT IS HEREBY ORDERED** that Judge Youchah's R&R, (ECF No. 27), is **ADOPTED in part** and **REJECTED in part**, as stated in this Order. The previous Order of referral, (ECF No. 25), is **VACATED**. Plaintiff's Motion for Order Referring Civil Action to United States Bankruptcy Court, (ECF No. 17), is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that this matter is referred to the United States Bankruptcy Court for the District of Nevada, as part of Case Number BK-S-14796-MKN.

**IT IS FURTHER ORDERED** that Defendant Clark County's Motion to Dismiss, (ECF No. 15), and Motion for Partial Judgment on the Pleadings, (ECF No. 16), are **DISMISSED as moot** in light of the Court's referral.

**DATED** this __7__ day of November, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court