James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
Todd L. Bice, Esq., Bar No. 4534
TLB@pisanellibice.com
Debra L. Spinelli, Esq., Bar No. 9695
DLS@pisanellibice.com
Jordan T. Smith, Esq., Bar No. 12097
JTS@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada  89101
Telephone:     702.214.2100
Facsimile:     702.214.2101

*Counsel for Plaintiff Gypsum Resources, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GYPSUM RESOURCES, LLC, a Nevada limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>CLARK COUNTY, a political subdivision of the State of Nevada; and CLARK COUNTY BOARD OF COMMISSIONERS,<br><br>Defendants. | CASE NO.:  2:19-cv-00850-GMN-EJY<br><br><br>**STIPULATION AND ORDER MODIFYING REFERRAL TO BANKRUPTCY COURT** |

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1
2
3

Plaintiff Gypsum Resources, LLC ("Gypsum") and Defendants Clark County and Clark County Board of Commissioners (collectively "Clark County"), by and through their undersigned counsel, hereby stipulate as follows:

4
5
6

1.      On July 26, 2019, Plaintiff filed for bankruptcy protection under Chapter 11 of Title 11, Case No. 19-14799-mkn.  *See* Docket No. 1 in Bankruptcy Case No. BK-S-19-14799-mkn (hereinafter "Bankruptcy Proceeding").

7
8
9
10

2.      On November 7, 2019, following this Court's adoption in part of the Magistrate's Report and Recommendation, this Court entered an Order (ECF No. 28) that referred this matter "to the United States Bankruptcy Court for the District of Nevada, as part of case Number BK-S-14796" (the "Referral Order").

11
12
13
14
15

3.      This case then proceeded as 19-01105-MKN (the "Bankruptcy Adversary"). Bankruptcy Judge Michael Nakagawa has overseen the Bankruptcy Adversary, including discovery, since the referral. The Bankruptcy Court also entered a Discovery Plan and Scheduling Order, setting forth the discovery schedule and dispositive motions deadlines (the "Scheduling Order") (Ex. 1 hereto).

16
17
18
19
20
21
22
23
24
25
26

4.      On July 16, 2021, Defendants filed a Motion (1) For Determination that the Claims at Issue Are Not Core Matters for Which the Bankruptcy Court may Issue Final Relief; (2) For Determination of Right to Jury Trial on Defendant's Counterclaim; and (3) To Return the Case to District Court for Final Adjudication (the "Motion").  (*See* Doc. No. 202.[1]) Defendants asserted that the claims raised in this action are "non-core" over which the Bankruptcy Court may exercise only "related to" jurisdiction; that the Bankruptcy Court is not authorized to conduct jury trials without the express consent of all parties, which is not present; and that the Bankruptcy Court lacks jurisdiction to issue final orders in this case, such that judicial economy would best be served by returning the case to District Court for determination of dispositive motions and for trial.  Gypsum filed its Opposition on August 4, 2021.  (*See* Doc. No. 208.)  Defendants filed their Reply on August 11, 2021.  (*See* Doc. No. 210.)

27
28

[1]      "Doc. No." references refer to the documents filed in Case No. BK-S-19-14796-mkn.

5.      The deadline for filing dispositive motions in the Bankruptcy Adversary was September 20, 2021.  Defendants have filed a Motion for Summary Judgment (Docket No. 242 in the Bankruptcy Adversary) and Plaintiff has filed a Motion for Partial Summary Judgment (Docket No. 247 in the Bankruptcy Adversary) (collectively, the "Summary Judgment Motions").

6.      On September 21, 2021, the Bankruptcy Court issued its Order on Motion (1) For Determination that the Claims at Issue Are Not Core Matters for Which the Bankruptcy Court may Issue Final Relief; (2) For Determination of Right to Jury Trial on Defendant's Counterclaim; and (3) To Return the Case to District Court for Final Adjudication.  (*See* Doc. No. 254.)

7.      In relevant part, the Bankruptcy Court "ordered and determined that the claims alleged by Plaintiff and Defendants in the above-captioned proceedings are non-core matters within the meaning of 28 U.S.C. § 157(b) and that consent to have the bankruptcy court enter a final judgment on such claims has not been given."  (*Id*. at 17.)

8.      The Bankruptcy Court's Order stayed the Bankruptcy Adversary to permit the Defendants to seek a determination of whether the Referral Order should be modified or withdrawn. (*Id.* at 16.)

9.      In light of the Bankruptcy Court's Order, which questions its authority to rule upon motions for summary judgment, the Parties do not wish to create any debate about the Bankruptcy Court's authority to resolve motions for summary judgment – which both sides have filed in accordance with the Scheduling Order – so as to prolong this case.

10.      The parties further stipulate to the following briefing schedule on their respective motions for summary judgment:   Oppositions shall be due on or before October 22, 2021.  Replies shall be due on or before November 22, 2021.

11.     In   the   interest   of   judicial   economy   and   to   avoid   debates   about   the
Bankruptcy Court's authority to enter final judgment in the case, Plaintiff withdraws is opposition
to returning this case to the District Court for final adjudication, including motions for summary
judgment, and the Parties jointly stipulate to now withdraw the referral to Bankruptcy Court and
return this case to the District Court.

Respectfully submitted this 5th day of
October, 2021.

PISANELLI BICE PLLC

By:   _/s/ Todd L. Bice_____
      James J. Pisanelli, Esq., #4027
      Todd L. Bice, Esq., #4534
      Debra L. Spinelli, Esq., #9695
      Jordan T. Smith, Esq., #12097
      400 South 7th Street, Suite 300
      Las Vegas, Nevada  89101

*Attorneys for Plaintiff*
*Gypsum Resources, LLC*

Respectfully submitted this 5th day of
October, 2021.

OLSON CANON GORMLEY & STOBERSKI

By:   _/s/ Thomas D. Dillard, Jr._____
      Thomas D. Dillard, Jr. Esq., #6270
      Stephanie A. Barker, Esq., #3176
      9950 West Cheyenne Avenue
      Las Vegas, NV  89129

      DEPUTY DISTRICT ATTORNEY
      Robert T. Warhola, Esq., #4410
      500 Grand Central Parkway
      Las Vegas, Nevada 89155

*Attorneys for Defendants*

**IT IS SO ORDERED.**

**IS IS FURTHER ORDERED** that the parties shall file a copy of Defendants' Motion for
Summary Judgment and a copy of Plaintiff's Motion for Partial Summary Judgment on the
District Court's docket no later than October 15, 2021.

Dated this ___7___ day of October, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

4

# EXHIBIT 1

1   KEVIN H. BROGAN (Cal. Bar #089427)
    HILL, FARRER & BURRILL, LLP
2   One California Plaza, 37th floor
    300 South Grand Avenue
3   Los Angeles, California  90071
    Telephone: (213) 620-0460
4   Facsimile: (213) 624-4840
    Email: kbrogan@hfbllp.com
5   (Pro Hac Vice)

6
    BRETT A. AXELROD, ESQ.
7   Nevada Bar No. 5859
    **FOX ROTHSCHILD LLP**
8   1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
9   Telephone: (702) 262-6899
    Facsimile: (702) 597-5503
10  Email: baxelrod@foxrothschild.com
    *Counsel for Gypsum Resources, LLC*
11

Electronically Filed October 22, 2019

12              **UNITED STATES BANKRUPTCY COURT**

13                      **DISTRICT OF NEVADA**

14

15  In re                              Case No. BK-S-19-14796-mkn

16  GYPSUM RESOURCES MATERIALS,        Jointly Administered with
    LLC,                               Case No. BK-S-19-14799-mkn
17
    ☐ Affects Gypsum Resources Materials, LLC    Chapter 11
18  ☒ Affects Gypsum Resources, LLC
    ☐ Affects all Debtors
19

20  GYPSUM RESOURCES, LLC, a Nevada limited      Adversary Proceeding No. 19-01105-mkn
    liability company;
21                                               **STIPULATED DISCOVERY PLAN AND**
22                      Plaintiff,               **[PROPOSED] SCHEDULING ORDER**
23  vs.                                          **[SPECIAL SCHEDULING REVIEW
                                                 REQUESTED]**
24  CLARK COUNTY, a political subdivision of the
    State of Nevada; and CLARK COUNTY
25  BOARD OF COMMISSIONERS,
26
                        Defendants.
27

28
                                                 1
    Active\103656248.v1-10/22/19

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1   1.      **Meetings.**  Pursuant to Fed.R.Civ.P. 26(f), a meeting was held telephonically on October 15,

2   2019 at 1:00 p.m. and was attended by:

3           Kevin Brogan for plaintiff

4           Tom Dillard for defendants

5           The parties note that they previously held a meeting concerning the stipulated discovery plan

6   submitted to the District Court on September 24, 2019.  The District Court denied the Stipulated

7   Discovery Plan and [Proposed] Scheduling Order, docketed at ESF No. 24, due to the referral to the

8   Bankruptcy Court.

9   2.      **Pre-Discovery Disclosures.**  The parties will exchange by October 23, 2019 the information

10  required by Fed.R.Civ.P. 26(a)(1) and Local Rule 26-1.

11  3.      **Discovery Plan**

12   X   A discovery plan is needed or useful in this case.

13   X   The parties cannot agree on a discovery plan and scheduling order.  The attached sets forth

14  the parties' disagreements and reasons for each party's position.

15          A.      Plaintiff states discovery will be needed on the following subjects: the subject

16  property, state legislation and prior attempt at acquisition of plaintiff's property, the settlement

17  agreement resulting from litigation, plaintiff's attempts at obtaining development entitlements to

18  develop the property, defendants' responses to the requests for entitlement, communications

19  between and among the plaintiff and defendants, and, if liability is found, expert valuation evidence.

20   Defendants state that they object to discovery with respect to the formation and the terms and

21  conditions of the prior settlement agreement as all such issues were waived under the settlement

22  agreement. Defendants otherwise agree and further state that discovery is needed regarding the due

23  diligence and viability of the proposals in the specific plan submitted by Plaintiff concerning the

24  subject property, present mining operations and manufacturing plant operations and impact on the

25  property of such operations, Plaintiff's plan to retake disturbed areas of the property, status of the

26  access to the property across lands held by the United States and maintained by the Bureau of Land

27  Management, efforts and status of Plaintiff securing a right-of-way to provide access to the

28  property, status of environmental studies, plans and viability for access to all utilities and municipal

2

1   services to the property from Plaintiffs and from third parties and discovery and what Plaintiffs have

2   done with respect to representations made to conduct studies on slope and gradient, current and

3   future planned mining operations and impacts, surface hydrology, soils and geology, elevation, flora

4   and fauna, access and historic roadways and infrastructure (existing and proposed).

5        B.     The parties cannot agree on a completion date for discovery.  Plaintiff contends that

6   non-expert discovery can be completed by February 3, 2020.  Defendants contend that non-expert

7   discovery can be completed by July 6, 2020.

8        C.     The parties agree that the maximum number of interrogatories by each party to any

9   other party shall be seventy-five (75).  Responses will be due thirty (30) days after service.

10        D.     The parties agree that the maximum number of requests for admission by each party

11   to any other party shall be seventy-five (75).  Responses will be due thirty (30) days after service.

12        E.     The parties agree that the maximum number of non-expert depositions by plaintiff

13   shall be twenty (20) and the maximum number of non-expert depositions by defendant shall be

14   twenty (20).  Each non-expert deposition shall be limited to maximum of seven (7) hours unless

15   extended by agreement of parties.

16        F.     The parties agree that the reports from retained experts under Rule 26(a)(2) shall be

17   due thirty (30) days after the completion date for discovery.  Supplementations under Rule 26(e) are

18   due within thirty (30) days after the exchange of initial reports.

19   4.     **Jury Trial:  Check one**:

20   ___ A demand for a jury trial has not been made

21   _X_ A demand for a jury trial has been made pursuant to Fed. R. Civ. P. 38(b), and in conformity

22   with LR 9015, but plaintiff does not consent to a jury trial pursuant to 28 U.S.C. § 157(e).  An

23   original and two (2) copies of all instructions requested by either party shall be submitted to the

24   clerk for filing on or before ten (10) days before the start of trial.   An original and two (2) copies of

25   all suggested questions of the parties to be asked of the jury panel by the court on voir dire shall be

26   submitted to the clerk for filing on or before ten (10) days before the start of trial.

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

3

Active\103656248.v1-10/22/19

5.      **Other Items**.

A.      The parties request a conference with the court before entry of the scheduling order.

B.      Plaintiff requests a pretrial conference in May 2020. Defendants request a pretrial conference in October 2020.

C.      Plaintiff and Defendants should be allowed until thirty (30) days after the completion date for discovery to join additional parties or to amend their pleadings.

D.      All potentially dispositive motions should be filed by sixty (60) days after the completion date for discovery.

E.      Defendants contend settlement cannot be evaluated prior to January 1, 2020. Plaintiffs would like to have Hon. Greg Zive as a potential settlement judge.

F.      Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:  sixty (60) days after the completion date for discovery.    Parties should have thirty (30) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

G.      Trial.  Plaintiff contends the case should be ready for trial by June 2020 and at this time is expected to take approximately ten (10) days. Defendants contend the case should be ready for trial by November 2020 and agree with Plaintiff's estimate that it is expected to take approximately ten (10) days.

H.      Pending Motions. There are two fully briefed matters pending including a motion to dismiss Defendant Clark County Board of Commissioners and a motion for partial judgment on the pleadings with respect to the claims made under the Equal Protection Clause and a separate claim pled under 42 U.S.C. Section 1983.

6.      **Other matters**

A.      At this time, the parties believe that discovery of electronically stored information should be made in native format.  The parties agree to preserve such information.

///
///
///
///

4

Active\103656248.v1-10/22/19

1    B.    The parties agreed that any inadvertently produced privileged material would not

2    lose its privileged status, provided prompt disclosure of the existence of the inadvertently produced

3    privileged material is made.

4        Dated this 22ⁿᵈ day of October 2019.

5

6    HILL, FARRER & BURRILL, LLP                    OLSON, CANON, GORMLEY NAGULO &
                                                    STOBERSKI
7    By: _____                    By: _____
8        Kevin H. Brogan (Cal. Bar #089427              Thomas D. Dillard (#006270)
         One California Plaza, 37ᵗʰ floor              9950 West Cheyenne Avenue
9        300 South Grand Avenue                         Las Vegas, Nevada 89129
         Los Angeles, California  90071
10       (Pro Hac Vice)
                                                        DEPUTY DISTRICT ATTORNEY
11       Brett A. Axelrod, Esq.                         Robert T. Warhola (#004410)
         Nevada Bar No. 5859                            500 Grand Central Pkwy
12       **FOX ROTHSCHILD LLP**                         Las Vegas, Nevada 89155
         1980 Festival Plaza Drive, Suite 700           Attorneys for Defendants
13       Las Vegas, Nevada 89135                     *Clark County and Clark County Board of*
14    *Counsel for Gypsum Resources, LLC*           *Commissioners*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive  Suite 700
Las Vegas  Nevada  89135
(702) 262-6899
(702) 597-5503 (fax)

5