UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GYPSUM RESOURCES, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CLARK COUNTY, a political subdivision of the State of Nevada; and CLARK COUNTY BOARD OF COMMISSIONERS,<br><br>Defendants. | Case No. 2:19-cv-00850-GMN-EJY<br><br>**ORDER** |
| CLARK COUNTY, a political subdivision of the State of Nevada; and CLARK COUNTY BOARD OF COMMISSIONERS,<br><br>Counterclaimant,<br><br>v.<br><br>GYPSUM RESOURCES, LLC, a Nevada limited liability company,<br><br>Counterdefendant. | |

Pending before the Court is Plaintiff's Motion to Temporarily Seal Exhibits to its (1) Reply to Justin Jones' Opposition to Motion to Convene Evidentiary Hearing for Imposition of Sanctions for Destruction of Evidence, and (2) Reply to Clark County and the Board of County Commissioner's Opposition to Motion to Convene Evidentiary Hearing for Imposition of Sanctions for Destruction of Evidence. ECF No. 63. Despite the contents of the Motion, Defendants filed no response.

As the party seeking to seal a judicial record, Plaintiffs must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). The mere fact that the production of records

may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Further, a party "may not simply rely on the Stipulated Protective Order … to justify sealing documents filed in the record under seal." *Heath v. Tristar Products, Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *1 (D. Nev. Apr. 17, 2019) discussing and *citing Foltz*, 331 F.3d at 1133 (reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992) (blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause").

Plaintiff's Motion contends the exhibit for which it has sought temporary sealing protection need not be sealed. The Court tends to agree; however, out of an abundance of caution, the Court provides Defendants one additional opportunity to oppose the position taken by Plaintiff in its instant Motion.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Temporarily Seal Exhibits to its (1) Reply to Justin Jones' Opposition to Motion to Convene Evidentiary Hearing for Imposition of Sanctions for Destruction of Evidence, and (2) Reply to Clark County and the Board of County Commissioner's Opposition to Motion to Convene Evidentiary Hearing for Imposition of Sanctions for Destruction of Evidence (ECF No. 63) is GRANTED.

IT IS FURTHER ORDERED that exhibits 4, 7, and 8 to the Reply to Justin Jones' Opposition to Motion to Convene Evidentiary Hearing, and exhibits 2 and 3 to Plaintiff's Reply to Clark County and the Clark County Board of County Commissioners' Opposition to Motion to Convene Evidentiary Hearing (found at ECF No. 65) are *temporarily* sealed.

IT FURTHER ORDERED that Defendants have through and including **September 23, 2022** to oppose Plaintiff's position that the exhibits identified in the instant Motion need not be sealed. Defendants' failure to oppose Plaintiff's position by or before **September 23, 2022** will be interpreted by the Court as Defendants' consent to granting the unsealing of exhibits 4, 7, and 8 to

1   the Reply to Justin Jones' Opposition to Motion to Convene Evidentiary Hearing, and exhibits 2 and
2   3 to Plaintiff's Reply to Clark County and the Clark County Board of County Commissioners'
3   Opposition to Motion to Convene Evidentiary Hearing.
4       DATED this 15th day of September, 2022.

*[signature]*
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE