UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GYPSUM RESOURCES, LLC, a Nevada limited liability company, ) ) ) ) Plaintiff, ) ) vs. ) ) CLARK COUNTY, *et al.*, ) ) Defendants. ) ) CLARK COUNTY, *et al.*, ) ) Counter-Claimants, ) ) vs. ) ) GYPSUM RESOURCES, LLC, a Nevada limited liability company, ) ) ) Counter-Defendant. ) | Case No.: 2:19-cv-00850-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Motion for Attorneys' Fees and Non-Taxable Costs, (ECF No. 137), filed by Defendant and Counter-Claimants Clark and Clark County Board of Commissioners (collectively, "Clark County"). Plaintiff and Counter-Defendant Gypsum Resources, LLC's ("Gypsum") filed a Response, (ECF No. 141), to which Clark County filed a Reply, (ECF No. 144).

For the reasons discussed below, the Court **STAYS AND HOLDS IN ABEYANCE** Clark County's Motion for Attorneys' Fees and Non-Taxable Costs.

The Court incorporates the background and procedural of this case from its Order granting Clark County's Motion for Summary Judgment. (Order 2:10–15:18, ECF No. 134).

Following the Court's Order, Clark County filed the instant Motion for Attorneys' Fees and Non-Taxable Costs, (ECF No. 137), requesting an award of $996,662.40. Shortly thereafter, Gypsum timely filed a Notice of Appeal,[1] (ECF No. 138), notifying the Court of its appeal to the Ninth Circuit form the Court's entry of summary judgment. (Not. Appeal, ECF No. 138).

Although an appeal from the merits of a final judgment does not foreclose a district court from awarding attorney's fees, the district court may, in its discretion, "rule on the claim for fees, [ ] defer its ruling on the motion, or [ ] deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment; *see also Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983); *citing White v. New Hampshire Dep't of Emp't*

---

[1] Gypsum's Notice of Appeal stated the Court's Order granting summary judgment "failed to address or adjudicate [ ] Clark County's counterclaim against Gypsum." (Not. Appeal 2:1–6). Gypsum further observed that under Fed. R. Civ. P. 54(b), a court "may direct entry of a final judgment as to one or more, but fewer than all claims or parties only if the court expressly determines that there is no just reason for delay" which Gypsum contends did not occur here. (*Id.*). On October 22, 2019, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending this case be referred to the United States Bankruptcy Court for the District of Nevada, and denying Gypsum's request the Court take judicial notice of all pleadings filed in the Bankruptcy Court. (R&R, ECF No. 27). The undersigned later adopted the Magistrate Judge's recommendation referring this case to Bankruptcy Court and denying Gypsum's request for judicial notice of pleadings filed in Bankruptcy Court. (Order Adopting R&R, ECF No. 28). Clark County subsequently filed state law counterclaims, but only in the *bankruptcy proceeding*. (*See* Counterclaim, ECF No. 93 in *Gypsum Resources, LLC v. Clark County et al.*, 19-01105-mkn (Bankr. D. Nev.). The Court has reviewed the docket, and neither Clark County nor Gypsum ever filed Clark County's counterclaims in the docket *before this Court*. In fact, the Court specifically denied Plaintiff's request for the Court to take judicial notice of the bankruptcy proceeding. (Order Adopting R&R). Thus, it does not appear Clark County's counterclaims were ever properly before this Court.

Even if they were, Clark County's counterclaims consisted of state law claims for breach of contract and breach of the implied covenant and fair dealing. (*See* Counterclaims, ECF No. 93 in *Gypsum Resources, LLC v. Clark County et al.*, 19-01105-mkn (Bankr. D. Nev.). These counterclaims were based on the same facts and presented the same issues as Gypsum's claim for breach of contract and breach of the implied covenant and fair dealing. In granting Clark County's Motion for Summary Judgment on Gypsum's federal causes of action, the Court declined exercising supplemental jurisdiction over Gypsum's state-law claims, including its breach of contract and breach of the implied covenant and fair dealing claims, based on juridical concerns such as economy, fairness, and convenience. (Order 33:3–35:11). Thus, it is unclear why there would be "no just reason" for delaying entry of judgment on issues arising from the same conduct and predicated on the same facts. Nevertheless, to conserve judicial resources and minimize future litigation, the Court would welcome the opportunity to revisit its Order granting summary judgment to address this issue if the parties choose to file a motion for reconsideration.

*Sec.*, 455 U.S. 445 (1982) (holding that district court retains jurisdiction to rule on attorney's fees motions), *superseded on other grounds by rule*, Fed. R. Civ. P. 54 advisory committee's note to 1993 amendment); *see also* Fed. R. Civ. P. 58 advisory committee's note to 1993 amendment ("Particularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved."). District courts within the Ninth Circuit have held the reasoning of the advisory committee's notes to the 1993 Amendment to Fed. R. Civ. P. 54 is "applicable to a ruling on a bill of costs." *Lasic v. Moreno*, No. 2:05–cv–0161, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007); *see also In re: Fresh & Process Potatoes Antitrust Litig.*, No. 4:10–cv–2186–, 2016 WL 3919830, at *2 (D. Idaho July 18, 2016) ("[O]ther district courts within the Ninth Circuit have routinely applied this committee note to both claims for fees and claims for costs."); *Tranxition, Inc. v. Novell, Inc.*, No. 3:12–cv–01404, 2015 WL 7195337, at *1 (D. Or. Nov. 16, 2015) ("The Advisory Committee Notes to Rule 54(d) give the trial court the discretion to defer an award of fees pending an appeal, and district courts have inferred from that Note the authority to defer an award of costs in the same manner.").

"Given the complex facts of the case, the complexity of the final judgment, and, presumably, the complexity of the appeal, the Court finds it most prudent to defer ruling" on Clark County's Motion for Attorneys' Fees and Non-Taxable Costs "until the appeal is resolved." *G.P.P., Inc. v. Guardian Protection Products, Inc.*, No. 1:15-cv-00321, 2018 WL 932087, at *2 (E.D. Cal. Feb. 16, 2018). To make such a determination now would not only be premature, but would risk wasting the Court's judicial resources, particularly given the amounts requested by Clark County and the volume of briefing by the parties. *See Reading Int'l, Inc. v. Malulani Grp., Ltd.*, No. 13-cv-00133, 2014 WL 12772247, at *2 (D. Haw. Sept. 25, 2014 (staying motion for attorney's fees in the interest of judicial economy where the amount of money at stake was "substantial" and "the request and related briefing are voluminous" and

would "involve the painstaking review of somewhere between 74 and 101 pages of timesheets." ); *In re Farmers Ins. Exchange Claims Representative Overtime Pay Litig.*, MDL No. 33–1439(A), 2009 WL 3834034, at *3 (D. Or. Nov. 13, 2009) (deferring, "in the interests of judicial efficiency," consideration of attorney's fees motion until issuance of mandate from Ninth Circuit and observing that "the issues on appeal and cross-appeal in this case . . . carry a significant potential that the Ninth Circuit's disposition may greatly affect my consideration of plaintiffs' motions for attorney fees and costs."); *Lasic*, 2007 WL 4180655, at *1 (deferring ruling on motion for bill of costs pending outcome of appeal because, "in the interests of judicial economy . . . it would be a[n] inefficient use of judicial resources to rule on the Bill of Costs at this time, and then to later re-evaluate the issue after the appeal is completed").

Accordingly,

**IT IS HEREBY ORDERED** that Clark County's Motion for Attorneys' Fees and Non-Taxable Cost, (ECF No. 137), is **STAYED AND HELD IN ABEYANCE** pending the resolution of Gypsum's appeal before the Ninth Circuit. For administrative purposes, the Motion shall be **TERMINATED**, but it may be reactivated at Clark County's request once the Ninth Circuit has issued its decision.

**DATED** this __3__ day of October, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT